**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORENZO ANTHONY, # 715393,

                Petitioner,

v.                                 Case Number: 10-CV-13312
                                 Honorable Denise Page Hood

CARMEN PALMER,

                Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY OF HIS**
**HABEAS-CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

**I. INTRODUCTION**

      This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Lorenzo Anthony,

a Michigan state inmate currently incarcerated at the Michigan Reformatory in Ionia,

Michigan, filed this *pro se* Habeas Petition, challenging his convictions for three counts of

first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(B)(1)(b), imposed on

December 18, 2008, following a bench trial in the Wayne County Circuit Court.  On January

23, 2009, Petitioner was sentenced to concurrent prison terms of sixteen to twenty-five

years for each conviction.  In his habeas pleadings, he alleges that there was insufficient

evidence presented to support his convictions and that trial counsel was ineffective for

failing to give a closing argument.

      Respondent filed an answer to the Petition, along with the Rule 5 materials, on

January 28, 2011, arguing that Petitioner's claims are procedurally defaulted because he

failed to raise his claims to the Michigan Supreme Court.  Respondent also argues, in the

alternative, that Petitioner's claims are meritless.

Pending before the Court is Petitioner's "Motion for a Stay of Proceedings."  In his request, Petitioner asks the Court to stay his habeas proceedings so that he may return to the state courts to exhaust additional unexhausted claims regarding ineffective assistance of trial counsel, trial court error, violations of the Sixth Amendment, and newly discovered evidence.  For the reasons set forth below, the Court **GRANTS** Petitioner's request and stays his habeas-corpus proceedings.

## II.  BACKGROUND

Following his sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, presenting the same two claims presented in this Habeas Petition.  On May 11, 2010, the Michigan Court of Appeals affirmed his convictions and sentences.  *People v. Anthony*, No. 290241, 2010 WL 1873293 (May 11, 2010).  Petitioner did not attempt to appeal that decision to the Michigan Supreme Court nor did he file a post-conviction motion with the state trial court.  Rather, he filed this Habeas Petition on August 20, 2010.

## III.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution,

federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich.Ct.R. 6.508(D)(3). However, he would have to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas petition in abeyance pending exhaustion,

3

rather than dismissing the petition without prejudice.  *Griffin v. Rogers*, 308 F.3d 647, 652,

n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002)

(finding "eminently reasonable" district court's holding dismissing unexhausted claims in

habeas petition and staying proceedings on the remaining claims pending exhaustion of

state-court remedies).

      Having considered the matter, the Court finds that it is appropriate to stay this case,

as requested.  A federal district court has discretion in "limited circumstances" to stay a

habeas action to allow a petitioner to present unexhausted claims to the state courts and

then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269,

277 (2005).  For example, stay and abeyance may be appropriate when a habeas petitioner

could be precluded from seeking habeas relief due to the application of the one-year statute

of limitations.  *Id.* at 276.  Stay and abeyance is only appropriate when a district court

determines that the petitioner has shown good cause for the failure to first exhaust the

claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the

petitioner has not engaged in intentionally dilatory litigation tactics.  *Id.* at 277.

      In this case, Petitioner has shown the need for a stay.  It appears from Petitioner's

pleadings that his claims are potentially meritorious and therefore those claims should be

addressed to, and considered by, the state courts in the first instance, so the state courts

will have an opportunity to decide whether those claims have merit.  Additionally, the Court

recognizes that the one-year limitations period applicable to this habeas action may pose

a problem for Petitioner if this Court were to dismiss the Petition to allow for further

exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state-court remedies.  The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court, if he has not done so already, within sixty (60) days from the date of this Order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies.  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the [P]etition may be dismissed."  *Palmer*, 276 F.3d at 781 (internal quotation omitted).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 22, 2011

I hereby certify that a copy of the foregoing document was served upon Lorenzo Anthony #715393, 1342 West Main Street, Ionia, MI 48846 and counsel of record on April 22, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

5