**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORENZO ANTHONY,

      Petitioner,               Civil Action No. 2:10-CV-13312

v.                           HONORABLE DENISE PAGE HOOD
                                    UNITED STATES DISTRICT JUDGE

CATHERINE BAUMAN,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner

Lorenzo Anthony, a Michigan state inmate currently incarcerated at the

Alger Correctional Facility in Munising, Michigan, filed this *pro se* Habeas

Petition, challenging his convictions for three counts of first-degree criminal

sexual conduct, MICH. COMP. LAWS § 750.520(B)(1)(b). For the reasons

that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted following a bench trial in the Wayne County

Circuit Court. Petitioner was acquitted of three additional first-degree

1

criminal sexual conduct charges.

Petitioner's daughter, CA, [1] testified that when she was 13 years old, petitioner would get into bed with her and place his "private part" in her vagina on several occasions. CA never told anyone about the assaults. (Tr. 12/18/08, pp. 6-12, 19, 46, 55). At some point, CA was taken by petitioner and her mother for a pregnancy test. When the test came back positive, petitioner took CA to get an abortion. CA was 13 years old when the abortion was performed and she clarified that petitioner was the only person to have sex with her. (*Id.,* pp. 12-13, 15, 20, 39, 42.)

After the abortion, petitioner no longer had sex with CA. CA observed him climb onto the top bunk of the bunk beds, where her younger sister slept. CA admitted that she never told anyone about the alleged incidents with her younger sister. (*Id.,* pp.16-19).

CA's younger sister testified that petitioner sexually assaulted her and that she never told her mother although she told her aunt. (*Id.,* pp. 58-61). CA's younger sister at first stated she never saw petitioner have sex with her sister but then remembered telling a woman at Kids Talk that she

---

[1]  Because the victim was a minor at the time of the offense, the Court will refer to her by her initials to protect her privacy. The Court will refer to the victim's sister as "CA's sister" because her name also begins with a "C" and it would be confusing to refer to her also as CA. The Court will refer to the victim's brother by his name "DA."

saw petitioner having sex with CA. (*Id.,* pp. 66-68).  CA's sister denied any sexual contact to the doctors during her examination. (*Id.,* pp. 75-76).

Petitioner's son DA testified that he was in the top of one of the bunk beds when he looked down and saw petitioner on top of CA touching her breast and bottom. (*Id.,* pp. 86-87).

Petitioner testified and denied any sexual contact with either of his daughters. (*Id.,* pp. 100-02).

The judge ruled that CA was a credible witness and found petitioner's defense to be unpersuasive and petitioner to be not credible.  The judge further found that the prosecutor had not proven the allegations involving CA's sister beyond a reasonable doubt.  The judge found petitioner guilty of the three counts of first-degree criminal sexual conduct involving CA and not guilty of the three counts involving CA's sister. (*Id.,* pp. 111-15).

Petitioner's conviction was affirmed on appeal. *People v. Anthony*, No. 290241, 2010 WL 1873293 (May 11, 2010).  Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could exhaust additional claims with the state courts.

3

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Anthony,* No. 08-11826-01 (Wayne County Circuit Court, January 11, 2013).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Anthony,* No. 314742 (Mich.Ct.App. September 23, 2013); *lv. den.* 495 Mich. 948, 843 N.W.2d 518-19 (2014).

On June 30, 2015, the case was reopened to the Court's active docket.  On July 16, 2015, the Court amended the caption and ordered respondent to file an answer to the amended habeas petition.

In his original and amended habeas petitions, petitioner seeks habeas relief on the following grounds: (1) the evidence was insufficient to convict petitioner; (2) trial counsel was ineffective for failing to make a closing argument, (3) trial counsel was ineffective for failing to call witnesses for the defense or to obtain and review the discovery with petitioner, (4) the trial court violated petitioner's Sixth Amendment rights by failing to appoint substitute counsel, and (5) ineffective assistance of appellate counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of

4

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

5

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

### A.  Claim # 1.  The sufficiency of evidence claim.

Petitioner first claims that there was insufficient evidence to convict him of first-degree criminal sexual conduct because the victim's testimony was incredible and uncorroborated. [2]

---

[2]  Respondent contends that petitioner's first and second claims are procedurally defaulted because he failed to file an application for leave to appeal with the Michigan Supreme Court on direct appeal.  Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997).  In the present case, it is easier to address the merits of these claims.

6

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original). The *Jackson* standard applies to bench trials, as well as to jury trials. *See e.g. U.S. v. Bronzino,* 598 F. 3d 276, 278 (6th Cir. 2010).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that

7

claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003); *See also Butzman v. U.S.,* 205 F. 2d 343, 349 (6th Cir. 1953)(in a bench trial, credibility of witnesses

8

is a question for trial judge).

Under Michigan law, first-degree criminal sexual conduct is committed when there is an intrusion into the genital or anal opening of another person under one of the enumerated circumstances set forth in the first-degree criminal sexual conduct statute. *See Farley v. Lafler,* 193 Fed. Appx. 543, 548 (6th Cir. 2006); *See also Malcum v. Burt,* 276 F. Supp. 2d 664, 686 (E.D. Mich. 2003)(citing *People v. Garrow*, 99 Mich. App. 834, 837-38; 298 N. W. 2d 627 (1980)).

Petitioner does not contend that the victim's testimony, if believed, fails to make out the elements of first-degree criminal sexual conduct. Instead, petitioner claims that the evidence is insufficient to convict because the victim's testimony was uncorroborated and unbelievable.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

9

The fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-1145 (6th Cir. 1985). The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's sexual assault conviction. *See United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke,* 763 F. 2d 821, 826 (6th Cir. 1985)). The victim's testimony that petitioner sexually penetrated her and that she was thirteen years old at the time of the assault and was related to petitioner by blood was sufficient to sustain petitioner's first-degree criminal sexual conduct conviction, notwithstanding the lack of physical evidence to corroborate the victim's testimony. *See O'Hara v. Brigano,* 499 F. 3d 492, 500 (6th Cir. 2007).

Moreover, when evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this

case, the trial court judge chose to credit the victim's testimony and not to believe petitioner's version of events. This Court must defer to the trial court's finding beyond a reasonable doubt that the victim was credible. *Id.* at 828. Petitioner is not entitled to relief on his first claim.

**B.  Claims # 2-5.  The assistance of counsel claims.**

The Court discusses petitioner's remaining claims together because they allege violations of his right to the assistance of counsel. In his second and third claims, petitioner claims he was denied the effective assistance of trial counsel. In his fourth claim, petitioner contends that the trial court erred in refusing to appoint substitute trial counsel for him, and in his fifth claim, petitioner contends that he was denied the effective assistance of appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's

11

behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a

federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

13

In his second claim, petitioner argues that trial counsel was ineffective for failing to make a closing argument at his trial.  The Michigan Court of Appeals rejected this claim:

> The record discloses that defense counsel challenged the prosecution's evidence by cross-examining each prosecution witness regarding his or her testimony, impeaching witnesses with their preliminary examination testimony, and offering defendant's own testimony to show that he had been falsely accused. However, counsel declined to offer a closing argument. The decision whether to give a closing argument is a matter of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy.  This was a nonjury trial.  The trial court was plainly aware that it was required to decide whether it believed the prosecution or defense witnesses, and was aware, through defense counsel's cross-examination, of the problems with each witness's testimony.  Under the circumstances, defendant has failed to show that defense counsel's decision to waive closing argument was objectively unreasonable, and defendant has not overcome the presumption of sound trial strategy.

*People v. Anthony*, 2010 WL 1873293, at *1 (internal citations omitted).

Although the right to the effective assistance of counsel extends to closing arguments, an attorney "has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).  Trial counsel's decision to waive closing argument at a

14

bench trial was not ineffective in light of the fact that the case was tried before an experienced judge who was aware of the facts, the law, and the issues involved in the case. *See e.g. In re Robert B.*, 2009-Ohio-3644, ¶ 46, 186 Ohio App. 3d 389, 398, 928 N.E.2d 746, 752-53 (2009).  In light of the fact that this was a one day non-jury trial before an experienced judge, the Michigan Court of Appeals' determination that trial counsel was not ineffective for waiving closing argument was a reasonable decision that defeats petitioner's claim. *See Bell v. Cone*, 535 U.S. 685, 701-02 (2002)(holding the state courts' assessment that counsel were not ineffective for waiving closing argument was not an unreasonable application of *Strickland*).  Petitioner is not entitled to relief on his second claim.

In his third claim, petitioner first contends that trial counsel was ineffective for failing to call defense witnesses.

Petitioner raised this claim in his post-conviction motion for relief from judgment.  Petitioner never gave the names of these witnesses or their proposed testimony.  Petitioner failed to attach any affidavits from these witnesses to his post-conviction motion or appeal, nor has he provided this Court with any affidavits from these witnesses concerning

15

their proposed testimony and willingness to testify on the petitioner's

behalf.  Conclusory allegations of ineffective assistance of counsel,

without any evidentiary support, do not provide a basis for habeas relief.

*See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  By failing to

present any evidence to the state courts in support of his ineffective

assistance of claim, petitioner is not entitled to an evidentiary hearing on

his ineffective assistance of counsel claim with this Court. *See Cooey v.*

*Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. §

2254(e)(2)(A)(ii)).  Petitioner has failed to attach any offer of proof or any

affidavits sworn by the proposed witnesses.  Petitioner has offered, neither

to the Michigan courts nor to this Court, any evidence beyond his own

assertions as to whether the witnesses would have been able to testify

and what the content of these witnesses' testimony would have been.  In

the absence of such proof, petitioner is unable to establish that he was

prejudiced by counsel's failure to call these witnesses to testify at trial, so

as to support the second prong of an ineffective assistance of counsel

claim. *See Clark v. Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007).

Petitioner further claims that counsel was ineffective for failing to

review the discovery packet with him concerning police reports, witness

16

statements, or the preliminary examination.  Petitioner, however, offered no argument, either to the state courts or to this Court, as to how petitioner could have used any of these discovery materials to his benefit.  Because petitioner failed to show how any of the discovery materials would have been beneficial to his defense, he failed to show that he was prejudiced by counsel's alleged failure to review these materials with him, so as to support his ineffective assistance of counsel claim. *See Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006).

In his fourth claim, petitioner contends that the trial court improperly denied his request to substitute trial counsel after petitioner sent the judge a letter informing him that petitioner and his counsel had differing views as to trial tactics.

The Sixth Amendment right to the assistance of counsel does not guarantee a criminal defendant that he or she will be represented by a particular attorney. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1351 (6th Cir. 1993)(citing *Caplin & Drysdale v. United States,* 491 U.S. 617, 624 (1989)).  A criminal defendant who has the desire and the financial means to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *Id.* (quoting *Powell v.*

17

*Alabama*, 287 U.S. 45, 53 (1932)). Indeed, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006)(quoting *Caplin & Drysdale,* 491 U.S. at 624-25). However, while a criminal defendant who can afford his or her own attorney has a right to a chosen attorney, that right is a qualified right. *Serra,* 4 F. 3d at 1348 (citing to *Wheat v. United States,* 486 U.S. 153, 159 (1988)). Stated differently, the right to counsel of one's own choice is not absolute. *See Wilson v. Mintzes,* 761 F. 2d 275, 280 (6th Cir. 1985). "Although a criminal defendant is entitled to a reasonable opportunity to obtain counsel of his choice, the exercise of this right must be balanced against the court's authority to control its docket." *Lockett v. Arn,* 740 F. 2d 407, 413 (6th Cir. 1984); *See also Gonzalez-Lopez,* 548 U.S. at 151-52)("Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them...We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the

18

needs of fairness, and against the demands of its calendar.")(internal citations omitted).

In reviewing a motion for substitution of counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, 132 S. Ct. 1276, 1287 (2012). "Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion." *Id.*

Petitioner is not entitled to relief for several reasons.

First, petitioner failed to establish good cause for substitution of counsel, where he failed to show that the conflict between himself and his attorney was so great that it resulted in a total lack of communication which prevented an adequate defense. *See United States v. Jennings*, 83 F. 3d 145, 149 (6th Cir. 1996). Petitioner was not entitled to substitute counsel because his complaints against counsel involved differences of opinion regarding trial strategy rather than any irreconcilable conflict or

19

total lack of communication. *See e.g. Adams v. Smith*, 280 F. Supp. 2d 704, 720 (E.D. Mich. 2003). The record in this case does not demonstrate that the disagreements between petitioner and his attorney rose to the level of a conflict sufficient to justify the substitution of counsel. *See United States v. Sullivan*, 431 F.3d 976, 981 (6th Cir. 2005).

Secondly, petitioner is unable to show that he was prejudiced by the failure of the trial court to appoint substitute counsel, in light of the fact that he received effective assistance of counsel at trial. *See U.S. v. Vasquez*, 560 F.3d 461, 468 (6th Cir. 2009). "The strained relationship" between petitioner and his attorney was not a "complete breakdown in communication" that prevented the petitioner from receiving an adequate defense. *Id.*

The post-conviction judge's determination that his previous denial of petitioner's motion to substitute counsel did not violate his Sixth Amendment rights was not an unreasonable application of federal law, and thus the petitioner is not entitled to federal habeas relief. *See Henness v. Bagley*, 644 F.3d 308, 322 (6th Cir. 2011).

In his fifth claim, petitioner contends that appellate counsel was ineffective for failing to raise his third and fourth claims on his direct

20

appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). None of petitioner's claims have any merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in her handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

## IV. Conclusion

For the reasons discussed, state court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor did the state court adjudication result in a decision that was based on an unreasonable determination of

21

the facts in light of the evidence presented in the state court proceeding. This Court concludes that the petitioner is not entitled to federal habeas relief on the claims contained in his petition.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.  The petitioner may,

however, proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Denise P. Hood
**HON. DENISE PAGE HOOD**
**Dated: December 31, 2015**        UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 31, 2015, by electronic means and/or ordinary mail.

s/K. Jackson
CASE MANAGER
(313) 234-5014

23